IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

ROBERT A. MAXWELL, #125351 PETITIONER

VS. CIVIL ACTION NO. 5:18-cv-26-DCB-FKB

JACQUELYN BANKS AND JIM HOOD RESPONDENTS

**REPORT AND RECOMMENDATION**

This cause is before the Court on the petition for a writ of habeas corpus filed by Robert A. Maxwell, pursuant to 28 U.S.C. § 2254. [1]. Petitioner has also filed a Motion for Judgment on the Pleadings [16]. At the outset, the Court notes that its review of Maxwell's conviction is circumscribed. Federal courts do not sit as "super" state supreme courts in habeas corpus proceedings to review errors under state law. *Dickerson v. Guste*, 932 F.2d 1142, 1145 (5th Cir. 1991). Instead, "[a] state prisoner is entitled to relief under 28 U.S.C. § 2254 only if he is held 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Engle v. Isaac*, 456 U.S. 107, 110 (1981)(citing 28 U.S.C. § 2254(a)). Guided by these fundamental principles, the Court has considered Maxwell's petition, the Respondent's answer, and all related filings. For the reasons that follow, the undersigned recommends that the petition be dismissed with prejudice and the Motion for Judgment on the Pleadings [16] be denied.

I. Background

Maxwell was convicted of manslaughter in the Circuit Court of Lincoln County, Mississippi, on October 29, 2008. *Maxwell v. State*, 216 So. 3d 416 (Miss. Ct. App. 2017).[1] After trial, but before sentencing, the State moved to amend his indictment to charge him as a habitual

[1] Maxwell was originally indicted on a charge of capital murder. [14-2] at 8. Prior to trial, the indictment was amended to reduce the charge from capital murder to murder in violation of Miss. Code Ann. § 97-3-19(1)(a). *Id.* at 57. The jury found Maxwell guilty of the lesser-included offense of manslaughter. *Id.* at 40.

offender pursuant to Miss. Code Ann. § 99-19-81 (Rev. 2015).[2] [14-2] at 55. The State based its motion on Maxwell's pleas of guilty to the separate crimes of sale of cocaine and escape from jail in 2006.[3] *Id.* The trial court granted the motion and sentenced Maxwell to a term of twenty (20) years, without parole or early release, pursuant to Miss. Code Ann. § 99-19-81, to be served consecutively to the sentence he was serving at the time. *Id.* at 60; [14-4] at 62-63. The trial court further ordered him to pay court costs, a fine of $10,000, restitution for funeral expenses, and attorney fees. *Id.*

On October 19, 2010, Maxwell filed a *pro se* notice of appeal. *Maxwell*, 216 So. 3d at 417. Maxwell failed to respond to a clerk-issued show cause notice requiring him to show cause as to why the appeal should not be dismissed as untimely filed. *Id.* On November 16, 2010, Maxwell's appeal was dismissed as untimely, and the mandate issued on December 8, 2010. *Id.*

On February 25, 2015, Maxwell filed an application in the Mississippi Supreme Court pursuant to the Mississippi Uniform Post-Conviction Collateral Relief Act ("MUPCCRA"), Miss. Code Ann. §§ 99-39-1 to 99-39-29. *Id.* at 417-418. On April 1, 2015, the Mississippi Supreme Court dismissed his application with directions to proceed in the trial court. *Id.* Thereafter, the trial court granted Maxwell leave to pursue an out-of-time appeal and referred his

---

[2] Section 99-19-81 of the Mississippi Code reads:

> Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, shall be sentenced to the maximum term of imprisonment prescribed for such felony, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.

Miss. Code Ann. § 99-19-81(Rev. 2015).

[3] The record reflects that, prior to trial, Maxwell's attorney had discussed with him the possibility of him being sentenced as a habitual offender under § 99-19-81, if he proceeded to trial and was convicted of murder. *See* [14-3] at 97-99.

case to the Office of Indigent Appeals for appointment of counsel. *Id.*; [13-2] at 1.

In Maxwell's out-of-time appeal, authorized by the MUPCCRA, counsel raised only one issue: that the trial court erred by allowing the state to amend the indictment, after conviction, to charge Maxwell as a habitual offender, citing *Gowdy v. State*, 56 So. 3d 540 (Miss. 2010). [14-6] at 6-14. In *Gowdy*, the Mississippi Supreme Court found that "an amendment to the indictment to allege habitual offender status after conviction is an unfair surprise," contrary to Mississippi rules of court practice. *Gowdy*, 56 So. 3d at 545; *see* Miss. U. R. Cir. Cty. Ct. P. 7.09 (allowing indictment to be amended to charge defendant as habitual offender "only if the defendant is afforded a fair opportunity to present a defense and is not unfairly surprised."). In its April 11, 2017, decision, the Mississippi Court of Appeals concluded that *Gowdy* did not retroactively apply to Maxwell's case because his direct appeal, which was dismissed as untimely on November 16, 2010, was final before *Gowdy*'s mandate was issued on April 7, 2011. *See Maxwell*, 216 So. 3d at 418-419 (citing *Carr v. State*, 178 So. 3d 320, 321 (Miss. 2015)(finding that "[t]he rule we announced in *Gowdy* does not apply retroactively to cases that were final before April 7, 2011, the date the mandate was issued in *Gowdy*.")). Maxwell did not file a motion for rehearing or pursue a petition for writ of *certiorari* before the Mississippi Supreme Court.

Maxwell next pursued post-conviction collateral relief before the Mississippi Supreme Court. [14-7] at 7-26. In his filings, signed July 19, 2017, he presented two grounds for relief, quoted as follows:

1. Illegal sentence. The trial court erred by allowing the state to amend Maxwell's indictment after his conviction to include habitual offender status.

    2. Trial counsel ineffective for failing to object to the amendment of the indictment with 99-19-81 enhancement after conviction. Counsel also failed to file a post trial motion to above mentioned.

*Id.* at 9. In an order, the Mississippi Supreme Court denied relief on September 20, 2017. *Id.* at 2-3.

Maxwell filed his §2254 petition in this Court on February 14, 2018, and raised two grounds for relief, quoted as follows:

1. Petitioner is in custody of the M.D.O.C. in violation[] of the United States Constitution[,] laws[,] and treaties[,] the Mississippi Constitution[,] and state laws by deprivations of due process and equal protection of law through the vindictive imposition of illegal enhanced sentence by constructive amendment of indictment after a jury verdict to include habitual offender status by suprize [sic].

2. Petitioner is in custody of M.D.O.C. in violation[] of the United States Constitution[,] laws[,] and treaties, the Mississippi Constitution[,] and state laws by denial of competent effective assistance of counsel at every critical stage of the proceedings.

[1] at 3, 6. The State has filed an answer [13], accompanied by the state court record [14], and Plaintiff has filed a traverse [15]. This matter is now ripe for review.

II. Discussion

Maxwell's claims for relief are governed by the standards set forth in 28 U.S.C. § 2254(d). As amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), § 2254(d) provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the

> Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The phrase "contrary to . . . clearly established Federal law," under Section 2254(d)(1), means the state court either "applie[d] a rule that contradicts the governing law set forth in our cases" or in a case with facts "materially indistinguishable from a decision of this Court" arrived at a different conclusion. *Maxwell v. Taylor*, 529 U.S. 362, 405-406 (2000).

In *Wiggins v. Smith*, 539 U.S. 510 (2003), the Supreme Court "made clear that the 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts' of petitioner's case." 539 U.S. at 520 (quoting *Maxwell,* 529 U.S. at 413). Thus, "[t]he question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable–a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). The Supreme Court has observed that "[i]f this standard is difficult to meet, that is because it was meant to be." *Harrington v. Richter*, 562 U.S. 86, 102 (2011). There is a "'highly deferential standard for evaluating state-court rulings' . . . which demands that state-court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam)(quoting *Lindh v. Murphy*, 521 U.S. 320, 333 n. 7 (1997)).

In reviewing the state court's factual findings, including implied findings, this Court defers to the state court's factual determinations unless they were "'based on an unreasonable

determination of the facts in light of the evidence presented in the State court proceeding.'" *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000)(quoting 28 U.S.C. § 2254(d)(2)). "Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." *Harrington*, 562 U.S. at 98. In the absence of a statement of reasons from the state court, "a [federal] habeas court must determine what arguments or theories . . . could have supported the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court." *Id.* at 102. According to the Supreme Court, this inquiry is the "'only question that matters under § 2254(d)(1).'" *Id.* (quoting *Lockyer v. Andrade*, 538 U.S. 63, 71 (2003)).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington*, 562 U.S. at 101 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Although petitioner may have presented the state court with what the federal court believes to be a "strong case for relief[, it] does not mean the state court's contrary conclusion was unreasonable." *Id.* at 102.

As both the United States Supreme Court and the Fifth Circuit Court of Appeals have recognized, a criminal defendant is not constitutionally entitled to a perfect trial, just a fair one. *Delaware v. Van Arsdall*, 475 U.S. 673, 681 (1986); *Sawyer v. Butler*, 848 F.2d 582, 594 (5th Cir. 1988). Perceived improprieties do not warrant habeas corpus relief. *Turner v. Johnson*, 106 F.3d 1178, 1188 (5th Cir. 1997).

With these tenets in mind, the Court concludes that Maxwell is not entitled to habeas

relief. Maxwell has pointed to no controlling authority to which the decision in his case runs contrary. Nor has Maxwell demonstrated that the decision in his case was unreasonable in light of the evidence presented. The Court now turns to discuss the grounds for relief presented by Petitioner.

A. Ground One: Illegally Enhanced Sentence

Petitioner argues that he is in custody in violation of his due process and equal protection rights due to prosecutorial vindictiveness, an illegally enhanced sentence, and a disproportionate sentence.

To the extent that he alleges claims based upon equal protection, prosecutorial vindictiveness, and disproportionate sentence, those claims cannot be reviewed by this Court because Maxwell failed to raise them at any point in his state appeals, and his return to the Mississippi courts for review is barred by Mississippi statute. The statutory procedural bar provides, in relevant part, that "any order dismissing the petitioner's motion [under the MUPCCRA] or otherwise denying relief under this article is a final judgment and shall be conclusive until reversed. It shall be a bar to a second or successive motion under this article." Miss. Code Ann. § 99-39-23(6)(2009). The United States Supreme Court has held that federal review of a claim is barred in all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule. *Coleman v. Thompson*, 501 U.S. 722 (1991). The Fifth Circuit has held that Section 99-39-23(6) is a constitutionally adequate procedural bar. *Lott v. Hargett*, 80 F.3d 161, 165 (5th Cir. 1996). "If a petitioner fails to exhaust state remedies, but the court to which he would be required to return to meet the exhaustion requirement would now find the claim procedurally barred, then there has

been a procedural default for purposes of federal habeas corpus relief." *Finley v. Johnson*, 243 F.3d 215, 220 (5th Cir. 2001)(citing *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir.1995))(other citations omitted). Accordingly, federal habeas review of these claims is barred.

Furthermore, Petitioner has shown neither cause (such as an external impediment) for this default, nor prejudice that would result in the court's dismissal of these claims on procedural grounds. *United States v. Flores,* 981 F.2d 231 (5th Cir.1993). Neither has Maxwell argued that dismissal of these claims on procedural grounds would lead to a fundamental miscarriage of justice -- an exception confined to cases of actual innocence, "where the petitioner shows, as a factual matter, that he did not commit the crime of conviction." *Fairman v. Anderson,* 188 F.3d 635, 644 (5th Cir.1999). Petitioner failed to pursue these claims on direct or collateral appeal; it is too late for him to do so now; and he has offered no reason for this failure. As such, Maxwell's claims based on equal protection, prosecutorial vindictiveness, and disproportionate sentence should be dismissed.

Maxwell's claims of denial of due process and an illegal sentence enhancement are based on his argument that the trial court erred by allowing amendment of his indictment to allege habitual offender status after he was convicted, but before his sentencing. Likewise, this Court cannot review these claims as they are a matter of state law and not grounds for federal habeas relief. *See Engle v. Isaac*, 456 U.S. 107, 121 n.21 (1981)(citation omitted)(stating that a "mere error of state law is not a denial of due process"); *Magee v. Mississippi*, No. 2:08cv163-DCB-MTP, 2010 WL 7698039 (S.D. Miss. Aug. 17, 2010)(finding that amendment of indictment after trial to allege habitual offender status, but prior to sentencing, was a matter of state law and not grounds for habeas relief); *Jones v. Waller*, No. 1:06cv21-MPM-JAD, 2007 WL 1826904, at *4

(N.D. Miss. May 30, 2007)(holding that challenges to indictment, including claim that it was improperly amended to include habitual offender language, involved interpretation and application of state law and did not implicate petitioner's constitutional rights, and therefore, was not subject to review by federal habeas court).

Moreover, his claims of surprise and lack of notice are without merit, as his lawyer apprised him on the record, before trial, that he met the requirements of habitual status, and his attorney was given an opportunity to object to the amendment after trial. *See* [14-3] at 97-98; [14-4] at 60-62. In this case, Maxwell received "reasonable notice and an opportunity to be heard relative to the recidivist charge," thus his due process rights were not implicated. *See Oyler v. Boles*, 368 U.S. 448, 452 (1962). Accordingly, these arguments do not provide a basis for habeas relief.

B. Ineffective Assistance of Counsel

Maxwell argues broadly that he received ineffective assistance of counsel at every critical stage of the proceedings. More specifically, he argues that his attorney provided ineffective assistance when he failed to object to the amendment of the indictment to allege habitual offender status. [1] at 6. Maxwell argues that his counsel failed to investigate his case and know the law with regard to sentencing. *Id.* at 7. Finally, Maxwell alleges that his attorney was ineffective when he failed to appeal his conviction. *Id.* at 8.

An ineffective assistance of counsel claim is analyzed under the two-prong test found in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The question for this Court is whether the state court's application of the *Strickland* standard was unreasonable. *Mitchell v. Epps*, 641 F.3d 134, 141 (5th Cir. 2011). To meet the *Strickland* standard, first, petitioner "must show that

counsel's performance was deficient." *Strickland,* 466 U.S. at 687. If a petitioner can establish deficient performance by his attorney, then he must also demonstrate the second prong of *Strickland*, "that [his attorney's] deficient performance prejudiced [his] defense." *Id.*

The standard of review of an attorney's performance is "highly deferential," considering only the facts and resources available to the petitioner's counsel at the time of trial. *Id.* at 689; *Motley v. Collins*, 18 F.3d 1223, 1226 (5th Cir.), *cert. denied*, 513 U.S. 960 (1994). When considering an ineffective assistance of counsel claim, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. When applying *Strickland* and section 2254(d), review is "doubly deferential." *Knowles v. Mirzayance*, 129 S. Ct. 1411, 1420 (2009); *Harrington v. Richter*, 131 S. Ct. 770, 788 (2011). As stated in *Mitchell v. Epps*, 641 F.3d 134 (5th Cir. 2011),

> For the district court, "[t]he pivotal question [was] whether the state court's application of the *Strickland* standard was unreasonable. This is different from asking whether defense counsel's performance fell below *Strickland*'s standard." *Harrington*[,131 S. Ct. at 785.] "When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.* at 788. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Id.* at 786.

*Mitchell*, 641 F.3d at 141(alternations, except citation alteration, in original)(citation omitted). With this high standard of deference in mind, the Court turns to evaluate Maxwell's claims that his counsel was ineffective.

Maxwell's argument that his counsel was deficient for failing to object to the amendment of the indictment is without merit. Likewise, Maxwell's argument that his counsel failed to investigate and know the law regarding sentencing is belied by the record. The record

demonstrates that prior to trial, Maxwell's counsel had discussed with him that he met the criteria for habitual offender status and the possibility that he could be sentenced as a habitual offender. At trial and at sentencing, his counsel demonstrated a knowledge of the habitual offender statutes. More importantly, there was no question as to whether Maxwell met the statute's criteria, so any objection by his counsel would have been futile and could have been viewed as argumentative by the trial court. "Failure to raise meritless objections is not ineffective lawyering. It is the very opposite." *Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994). Accordingly, the Mississippi Supreme Court's application of the *Strickland* standard to these issues was reasonable, and this argument does not provide the basis for habeas relief.

Finally, Maxwell argues that his counsel was deficient when he did not file a direct appeal of his conviction, which forced Maxwell to pursue an out-of-time appeal on post-conviction collateral relief. Without making specific findings, the Mississippi Supreme Court denied relief on this claim. Nevertheless, Maxwell fails to show that he meets the second *Strickland* prong, that he suffered legal prejudice. The trial court granted his out-of-time appeal and appointed counsel for him to pursue what was, in effect, a direct appeal of his conviction. Petitioner has failed to demonstrate how his trial counsel's failure to file a direct appeal legally prejudiced his case. Accordingly, the Mississippi Supreme Court's application of the *Strickland* standard was reasonable, and this argument does not provide the basis for habeas relief.

## III. Conclusion

For these reasons, Petitioner's Motion for Judgment on the Pleadings [16] should be denied, this petition should be denied, and this matter should be dismissed with prejudice.

The parties are hereby notified that failure to file written objections to the proposed

findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 1st day of August, 2019.

                                   /s/ F. Keith Ball
                                 UNITED STATES MAGISTRATE JUDGE