IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**ROBERT A. MAXWELL, #125351**                                            PETITIONER

VS.                                    CIVIL ACTION NO. 5:18-cv-26(DCB)(FKB)

**JACQUELYN BANKS and JIM HOOD**                                         RESPONDENTS

## ORDER ADOPTING REPORT AND RECOMMENDATION

This cause is before the Court on Petitioner Robert A. Maxwell's "Motion for Judgement on Pleadings," **(docket entry 16)**, and on the Respondents Jacquelyn Banks and Jim Hood's Response in Opposition to Petitioner's Motion for Judgment on the Pleadings **(docket entry 17)**. Also before the Court is the Report and Recommendation of United States Magistrate Judge F. Keith Ball **(docket entry 20)**. Magistrate Judge Ball recommends that Maxwell's petition be dismissed with prejudice and that his Motion on the Pleadings be denied.

Federal courts do not sit as "super" state supreme courts in habeas corpus proceedings to review errors under state law. Instead, a state prisoner is entitled to relief under 28 U.S.C. § 2254 only if he is held 'in custody in violation of the Constitution or laws or treaties of the United States.'" Engle v. Isaac, 456 U.S. 107, 110 (1981)(citing 28 U.S.C. § 2254(a)).

Maxwell was convicted of manslaughter in the Circuit Court of Lincoln County, Mississippi, on October 29, 2008. See Maxwell v.

1

State, 216 So.3d 416 (Miss. Ct. App. 2017). After trial, but before sentencing, the State moved to amend Maxwell's indictment to charge him as an habitual offender pursuant to Miss. Code Ann. § 99-19-81. The State based its motion on Maxwell's pleas of guilty to the separate crimes of sale of cocaine and escape from jail in 2006. The trial court granted the motion and sentenced Maxwell to a term of 20 years, without parole or early release, to be served consecutively to the sentence he was serving at the time. The trial court further ordered him to pay court costs, a fine of $10,000, restitution for funeral expenses, and attorney fees.

On October 19, 2010, Maxwell filed a pro se notice of appeal. He failed to respond to a clerk-issued show cause notice requiring him to show cause as to why the appeal should not be dismissed as untimely. On November 16, 2010, his appeal was dismissed as untimely and the mandate issued on December 8, 2010.

On February 25, 2015, Maxwell filed an application in the Mississippi Supreme Court pursuant to the Mississippi Uniform Post-Conviction Collateral Relief Act ("MUPCCRA"). On April 1, 2015, the Mississippi Supreme Court dismissed Maxwell's application with directions to proceed in the trial court. Thereafter, the trial court granted Maxwell leave to pursue an out-of-time appeal and referred his case to the Office of Indigent Appeals for appointment of counsel. In Maxwell's out-of-time appeal, counsel raised only one issue: that the trial court erred

2

by allowing the state to amend the indictment, after conviction, to charge Maxwell as an habitual offender. In Gowdy v. State, 56 So.3d 540 (Miss. 2010), the Mississippi Supreme court found that "an amendment to the indictment to allege habitual offender status after conviction is an unfair surprise," contrary to Mississippi rules of court practice.

In its April 11, 2017, decision, the Mississippi Court of Appeals concluded that Gowdy did not retroactively apply to Maxwell's case because his direct appeal, which was dismissed as untimely on November 16, 2010, was final before Gowdy's mandate was issued on April 7, 2011. Maxwell did not file a motion for rehearing or pursue a petition for writ of certiorari before the Mississippi Supreme Court.

Maxwell then pursued post-conviction collateral relief before the Mississippi Supreme Court, presenting two grounds for relief:
  (1) Illegal sentence. The trial court erred by allowing the state to amend Maxwell's indictment after his conviction to include habitual offender status.
  (2) Trial counsel ineffective for failing to object to the amendment of the indictment with 99-19-81 enhancement after conviction. Counsel also failed to file a post trial motion to above mentioned.

In an Order, the Mississippi Supreme Court denied Maxwell relief on September 20, 2017.

Maxwell filed his § 2254 petition in this Court on February 14, 2018, and raised two grounds for relief:

1. Petitioner is in custody of the MDOC in violation of the United States Constitution, laws, and treaties, the Mississippi Constitution, and state laws by deprivations of due process and equal protection of law through the vindictive imposition of illegal enhanced sentence by constructive amendment of indictment after a jury verdict to include habitual offender status by surprise.

2. Petitioner is in custody of MDOC in violation of the United States Constitution, laws, and treaties, the Mississippi Constitution, and state laws by denial of competent effective assistance of counsel at every critical stage of the proceedings.

Magistrate Judge Ball finds that Maxwell's claims for relief are governed by the standards set forth in 28 U.S.C. § 2254(d). As amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), § 2254(d) provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly

established Federal law, as determined by the Supreme Court
of the United States; or

(2) resulted in a decision that was based on an unreasonable
determination of the facts in light of the evidence presented
in the State court proceeding.

28 U.S.C. § 2254(d).

The phrase "contrary to . . . clearly established Federal Law," under Section 2254(d)(1), means the state court either "applied a rule that contradicts the governing law set forth in our cases" or in a case with facts "materially indistinguishable from a decision of this Court" arrived at a different conclusion. Maxwell v. Taylor, 529 U.S. 362, 405-406 (2000).

In Wiggins v. Smith, 539 U.S. 510 (2003), the Supreme Court "made clear that the 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts' of petitioner's case." 539 U.S. at 520 (quoting Maxwell, 529 U.S. at 413). Thus, "[t]he question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable – a substantially higher threshold." Schriro v. Landrigan, 550 U.S. 465, 473 (2007). The Supreme Court has observed that "[i]f this standard is difficult to meet, that is

5

because it was meant to be." Harrington v. Richter, 562 U.S. 86, 102 (2011). There is a "'highly deferential standard for evaluating state-court rulings' . . . which demands that state-court decisions be given the benefit of the doubt." Woodford v. Visciotti, 537 U.S. 19, 24 (2002)(per curiam)(quoting Lindh v. Murphy, 521 U.S. 320, 333 n. 7 (1997)).

In reviewing the state court's factual findings, including implied findings, the Court defers to the state court's factual determinations unless they were "'based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Hill v. Johnson, 210 F.3d 481, 485 (5th Cir. 2000)(quoting 28 U.S.C. § 2254(d)(2)). "Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." Harrington, 562 U.S. at 98. In the absence of a statement of reasons from the state court, "a [federal] habeas court must determine what arguments or theories . . . could have supported the state court's decision; and then it must ask whether it is possible that fair-minded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court." Id. at 102. And, as the Supreme Court has observed, this inquiry is the "'only question that matters under § 2254(d)(1).'" Id. (quoting Lockyer v. Andrade, 538 U.S. 63, 71 (2003).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington, 562 U.S. at 101 (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)). Although a petitioner may have presented the state court with what the federal court believes to be a "strong case for relief[, it] does not mean the state court's contrary conclusion was unreasonable." Id. at 102.

As both the United States Supreme Court and the Fifth Circuit Court of Appeals have recognized, a criminal defendant is not constitutionally entitled to a perfect trial, but only a fair one. Delaware v. Van Arsdall, 475 U.S. 673, 681 (1986); Sawyer v. Butler, 848 F.2d 582, 594 (5th Cir. 1988). Perceived improprieties do not warrant habeas corpus relief. Turner v. Johnson, 106 F.3d 1178, 1188 (5th Cir. 1997).

With these tenets in mind, Magistrate Judge Ball concludes that Maxwell is not entitled to habeas relief. Maxwell has pointed to no controlling authority to which the decision in his case runs contrary. Nor has Maxwell demonstrated that the decision in his case was unreasonable in light of the evidence presented.

Magistrate Judge Ball also discusses the grounds for relief presented by Maxwell:

Ground One: Illegally Enhanced Sentence

Maxwell argues that he is in custody in violation of his due process and equal protection rights due to prosecutorial vindictiveness, an illegally enhanced sentence, and a disproportionate sentence.

To the extent that he alleges claims based upon equal protection, prosecutorial vindictiveness, and disproportionate sentence, those claims cannot be reviewed by this Court because Maxwell failed to raise them at any point in his state appeals, and his return to the Mississippi courts for review is barred by Mississippi statute. The statutory procedural bar provides, in relevant part, that "any order dismissing the petitioner's motion [under the MUPCCRA] or otherwise denying relief under this article is a final judgment and shall be conclusive until reversed. It shall be a bar to a second or successive motion under this article." Miss. Code Ann. § 99-39-23(6)(2009). The United States Supreme Court has held that federal review of a claim is barred in all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule. See Coleman v. Thompson, 501 U.S. 722, 724 (1991). The Fifth Circuit has held that Section 99-39-23(6) is a constitutionally adequate procedural bar. Lott v. Hargett, 80 F.3d 161, 165 (5th Cir. 1996). "If a petitioner fails to exhaust state remedies, but the court to which he would be required to return to meet the exhaustion requirement would now find the claim

procedurally barred, then there has been a procedural default for purposes of federal habeas corpus relief." Finley v. Johnson, 243 F.3d 215, 220 (5th Cir. 2001). Accordingly, federal habeas review of these claims is barred.

Furthermore, Maxwell has shown neither cause (such as an external impediment) for his default, nor prejudice that would result in the court's dismissal of these claims on procedural grounds. United States v. Flores, 981 F.2d 231, 235 (5th Cir. 1993). Neither has Maxwell argued that dismissal of these claims on procedural grounds would lead to a fundamental miscarriage of justice – an exception confined to cases of actual innocence, "where the petitioner shows, as a factual matter, that he did not commit the crime of conviction." Fairman v. Anderson, 188 F.3d 635, 644 (5th Cir. 1999).

Petitioner Maxwell failed to pursue these claims on direct or collateral appeal. It is too late for him to do so now, and he has offered no reason for this failure. Therefore, Magistrate Judge Ball finds that Maxwell's claims based on equal protection, prosecutorial vindictiveness, and disproportionate sentence should be dismissed.

Maxwell's claims of denial of due process and an illegal sentence enhancement are based on his argument that the trial court erred by allowing amendment of his indictment to allege habitual offender status after he was convicted, but before his sentencing.

Magistrate Judge Ball correctly finds that the Court cannot review these claims as they are a matter of state law and not grounds for federal habeas relief. See Engle v. Isaac, 456 U.S. 107, 121 n.21 (1981)(citation omitted)(stating that a "mere error of state law is not a denial of due process"); Magee v. Mississippi, No. 2:08cv163(DCB)(MTP), 2010 WL 7698039 (S.D. Miss. Aug. 17, 2010) (finding that amendment of indictment after trial to allege habitual offender status, but prior to sentencing, was a matter of state law and not grounds for habeas relief); Jones v. Waller, No. 1:06cv21(MPM)(JAD), 2007 WL 1826904, at *4 (N.D. Miss. May 30, 2007)(holding that challenges to indictment, including claim that it was improperly amended to include habitual offender language, involved interpretation and application of state law and did not implicate petitioner's constitutional rights, and therefore was not subject to review by federal habeas court).

Magistrate Judge Ball further finds that Maxwell's claims of surprise and lack of notice are without merit, inasmuch as Maxwell's lawyer apprised him on the record, before trial, that he met the requirements of habitual status, and his attorney was given an opportunity to object to the amendment after trial. Maxwell received "reasonable notice and an opportunity to be heard relative to the recidivist charge," thus his due process rights were not implicated. See Oyler v. Boles, 368 U.S. 448, 452 (1962). In this case, Maxwell received "reasonable notice and an opportunity

to be heard relative to the recidivist charge;" therefore, his due process rights were not implicated, and his arguments do not provide a basis for habeas relief.

Maxwell also argues broadly that he received ineffective assistance of counsel at every critical stage of the proceedings. Specifically, he argues that his attorney provided ineffective assistance when he failed to object to the amendment of the indictment to allege habitual offender status. Maxwell argues that his counsel failed to investigate his case and know the law with regard to sentencing. Finally, Maxwell alleges that his attorney was ineffective when he failed to appeal his conviction.

An ineffective assistance of counsel claim is analyzed under the two-prong test found in Strickland v. Washington, 466 U.S. 668, 687 (1984). The question for this Court is whether the state court's application of the Strickland standard was unreasonable. Mitchell v. Epps, 641 F.3d 134, 141 (5th Cir. 2011). To meet the Strickland standard, first Maxwell was required to show that his counsel's performance was deficient. Strickland, 466 U.S. at 687. If a petitioner can establish deficient performance by his attorney, then he must also demonstrate the second prong of Strickland, i.e., that his attorney's deficient performance prejudiced his defense. Id.

The standard of review of an attorney's performance is "highly deferential," considering only the facts and resources available

11

to the petitioner's counsel at the time of trial. Id. at 689; Motley v. Collins, 18 F.3d 1223, 1226 (5th Cir.), cert. denied, 513 U.S. 960 (1994). When considering an ineffective assistance of counsel claim, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689. When applying Strickland and § 2254(d), review is "doubly deferential." Knowles v. Mirzayance, 129 S.Ct. 1411, 1420 (2009); Harrington v. Richter, 131 S.Ct. 770, 788 (2011). As stated in Mitchell v. Epps:

> For the district court, "[t[he pivotal question [was] whether the state court's application of the Strickland standard was unreasonable. This is different from asking whether defense counsel's performance fell below Strickland's standard." Harrington, 131 S.Ct. at 785. When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Id. at 788. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as fair-minded jurists could disagree on the correctness of the state court's decision." Id. at 786.

641 F.3d 134, 141. With this high standard of deference in mind, the Court turns to evaluate Maxwell's claims that his counsel was ineffective.

Magistrate Judge Ball finds that Maxwell's argument that his counsel was deficient for failing to object to the amendment of the indictment is without merit. Likewise, Maxwell's argument

12

that his counsel failed to investigate and know the law regarding sentencing is belied by the record. The record demonstrates that prior to trial, Maxwell's counsel had discussed with him that he met the criteria for habitual offender status and there was a possibility that he could be sentenced as an habitual offender. At trial and at sentencing, his counsel demonstrated a knowledge of the habitual offender statutes. More importantly, there was no question as to whether Maxwell met the statute's criteria, so any objection by his counsel would have been futile and could have been viewed as argumentative by the trial court. "Failure to raise meritless objections is not ineffective lawyering. It is the very opposite." Clark v. Collins, 19 F.3d 959, 966 (5th Cir. 1994). Accordingly, the Mississippi Supreme Court's application of the Strickland standard to these issues was reasonable, and this argument does not provide a basis for habeas relief.

Finally, Maxwell argues that his counsel was deficient when he did not file a direct appeal of his conviction, which forced Maxwell to pursue an out-of-time appeal on post-conviction collateral relief. Without making specific findings, the Mississippi Supreme Court denied relief on this claim. Nevertheless, Maxwell fails to show that he meets the second Strickland prong, that he suffered legal prejudice. The trial court granted his out-of-time appeal and appointed counsel for him to pursue what was, in effect, a direct appeal of his conviction.

13

Maxwell has failed to demonstrate how his trial counsel's failure to file a direct appeal legally prejudiced his case. Accordingly, the Mississippi Supreme Court's application of the <u>Strickland</u> standard was reasonable, and this argument does not provide a basis for habeas relief.

For the above reasons, Magistrate Judge Ball finds that Maxwell's Motion for Judgment on the Pleadings (docket entry 16) should be denied, and this matter DISMISSED WITH PREJUDICE.

ACCORDINGLY,

IT IS HEREBY ORDERED AND ADJUDGED that Magistrate Judge F. Keith Ball's thorough and well-reasoned Report and Recommendation is ADOPTED AS THE FINDINGS OF THIS COURT;

FURTHER ORDERED AND ADJUDGED that that Petitioner Robert A. Maxwell's Motion for Judgment on the Pleadings (docket entry 16) is DENIED and this matter is DISMISSED WITH PREJUDICE.  A FINAL JUDGMENT shall issue.

SO ORDERED, this the 11th day of September, 2019.

/s/ David Bramlette_____
UNITED STATES DISTRICT JUDGE